Appleton, J..
dissenting. — The plaintiff, claiming to have the equity of redemption of the mortgaged ¡premises in controversy, brings this bill to redeem them.
His right to maintain it depends upon the ownership of the equity of redemption.
He makes out his title, if he has any, by a sale of the supposed equity of redemption of Bartlett Sheldon. His title is perfect, if, at the time of the attachment or sale on execution, Sheldon had in fact, or apparent of record, such equity.
When the record title is in A, his creditor may attach the estate, notwithstanding he may have conveyed it to B, by deed not recorded; and, if he have no notice of such unrecorded deed, he may, by levy or sale on execution, acquire the legal title.
In the present case, neither at the date of the attachment nor at that of the sale on execution, had Sheldon any title of record.
The‘proof shows that, long before either date, he had transferred his interest by an unrecorded conveyance.
At the date of the attachment and sale, the registry of deeds disclosed no title in him, nor had he any in fact.
*187 What then could the officer attach and sell? Not the title apparent of record, for none there appeared in Sheldon. He could not attach the actual title, for Sheldon did not own it. When a debtor has neither the apparent (of record) nor the actual title to real estate, I am at a loss to perceive what present attachable interest he can have, or why he should bo held to have one because years before he may have had the title.
When the record title is shown to be in a debtor, notwithstanding he may have conveyed it by deed not recorded, the estate may be seized as his by force of the It. S., 1841, c. 91, § 26, and by force of that alone. The title is held to be in him, as against all but those having notice of an unrecorded conveyance. The validity of the attachment of the apparent title depends on the statute.
But it may be attached as the property of the person having the actual title, though not recorded, and such attachment will be valid as against all but those deriving their title from the one in whom the registry shows the title to be.
The law recognizes — it can only recognize — the apparent or the legal title. Either may be attached. But one, having neither, has not heretofore been held to have any valuable estate. This may be regarded as the first and only case where one, having no title by record nor in fact, has been judicially determined to have a perfect title.
The maxim ex nihilo, nihil fit, has heretofore been regarded as sound in law, as it is unquestioned in philosophy. I regret that it has been deemed wise judicially to controvert it. It still obtains philosophically.
When the conveyance is in fraud of the creditors of the grantor, a different question arises, which it is not necessary here to consider, as the rights of the parties litigant have not been decided upon that ground.